# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Harrisonburg Division

MARIA PLASCENCIA WEESE,

    Plaintiff,

v.

CITIBANK, N.A.; HY CITE CORPORATION; SYNCHRONY FINANCIAL; BANK OF AMERICA, N.A.; KOHL'S DEPARTMENT STORES, INC.,

    Defendants.

Civil Action No. 5:22-cv-00020

## COMPLAINT

Plaintiff Maria Plascencia Weese, by counsel, files this Complaint against Defendants, Citibank, N.A. ("Citi"), Hy Cite Corporation ("Hy Cite"), Synchrony Financial ("Synchrony"); Bank of America, N.A. ("BANA"), and Kohl's Department Stores, Inc. ("Kohls"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The FCRA protects consumers from inaccurate credit reporting by requiring the furnishers of credit information, like the Defendants, to investigate and correct any reporting inaccuracies in response to a consumer's dispute to a credit reporting agency. 15 U.S.C. § 1681s-2(b)(1).

3. In this case, Plaintiff learned that several accounts that did not belong to her, including accounts with each of the Defendants, were reporting in her Experian credit file.

4. When Plaintiff disputed this inaccurate reporting with Experian, Experian notified each of the Defendants of her dispute.

5. In response, the Defendants refused to adequately investigate her dispute or correct the error.

6. Instead, even though the information associated with the accounts, including the borrower's name, address, date of birth, and social security number, did not match the Plaintiff's information, the Defendants verified that the reporting was accurate and that the accounts should remain on Plaintiff's Experian report.

7. As a result, Plaintiff alleges FCRA claims for the Defendants' failure to properly investigate her disputes, to review all relevant information that Experian provided with her dispute, and to report that she disagreed with the outcome of some of the Defendants' investigation.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this case under 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

10. Plaintiff is a natural person residing in this District and Division and is also a consumer under 15 U.S.C. § 1681a(c).

11. Citi is national association with its principal office in New York, New York. Citi is a furnisher governed by the FCRA.

12. Hy Cite is a foreign corporation with its principal office in Madison, Wisconsin. Hy Cite is a furnisher governed by the FCRA.

13. Synchrony is a foreign corporation with its principal office in Stamford, Connecticut. Synchrony is a furnisher governed by the FCRA.

14. BANA is national association with its principal office in Charlotte, North Carolina. BANA is a furnisher governed by the FCRA.

15. Kohls is a foreign corporation with its principal office in Menomonee Falls, Wisconsin. Kohls is a furnisher governed by the FCRA.

## FACTS

16. Because of historically low interest rates, Plaintiff applied to refinance her mortgage in the summer of 2020.

17. However, her mortgage broker told her that she would not qualify for the loan because of several accounts listed on her Experian credit reports, including accounts reported by each of the Defendants.

18. These accounts did not belong to Plaintiff.

19. Instead, they belonged to someone else with a similar name and other personal identifying information—likely Plaintiff's sister.

20. In August 2020, Plaintiff began disputing these inaccurate accounts with Experian so that they would be removed from her credit report.

21. She sent several dispute letters to Experian over the next year, explaining that the accounts did not belong to her and asking that they be removed from her report.

22. Plaintiff provided a copy of her driver's license to show her personal identifying information, including her address and date of birth.

23. Experian forwarded these disputes to the Defendants.

24. In response, the Defendants failed to conduct a meaningful investigation into Plaintiff's disputes and instead indicated that the accounts should remain on her report.

25. For example, on September 8, 2020, Citi verified its reporting of an account and indicated that it should remain on Plaintiff's report, even though the account holder's date of birth and address did not match the Plaintiff's.

26. On September 22, 2020, Hy Cite verified its reporting of an account and indicated that it should remain on Plaintiff's report, even though the account holder's name and address did not match the Plaintiff's.

27. On November 11, 2020, Synchrony verified its reporting of an account and indicated that it should remain on Plaintiff's report, even though the account holder's name, address, and date of birth did not match the Plaintiff's.

28. On August 11, 2021, Bank of America verified its reporting of an account and indicated that it should remain on Plaintiff's report, even though the account holder's name, address, and date of birth did not match the Plaintiff's.

29. On August 12, 2021, Kohl's verified its reporting of an account and indicated that it should remain on Plaintiff's report, even though the account holder's name, address, and date of birth did not match the Plaintiff's

30. As a result of the Defendants' conduct, Plaintiff has suffered actual damages, including credit denials, decreased credit scores, damage to her reputation, embarrassment, humiliation, and other emotional distress.

31. The Defendants' processing of consumer disputes was willful and carried out in reckless disregard for a consumer's rights under the FCRA. For example, Defendants' conduct

was willful because it was accomplished through intended procedures and because the Defendants prioritize processing disputes quickly instead of accurately.

## COUNT ONE:
### VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)
### (All Defendants)

32. Plaintiff incorporates each of the preceding allegations.

33. Within the past two years, each of the Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to properly investigate Plaintiff's disputes.

34. When Plaintiff disputed her accounts with Experian, the Defendants used an automated dispute system named "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers, like the Defendants.

35. When the consumer reporting agencies receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form within the e-Oscar system.

36. Upon information and belief, the Defendants elected to receive consumers disputes through e-Oscar and ACDVs under to 15 U.S.C. § 1681i(a).

37. Upon information and belief, Experian forwarded Plaintiff's dispute to the Defendants using an ACDV.

38. The Defendants understood the nature of Plaintiff's disputes when they received the ACDV forms.

39. Upon information and belief, when the Defendants received the ACDV forms containing Plaintiff's disputes, they followed a standard and systemically unlawful process where they only reviewed their own internal computer screen for the account and repeated back the same information to the ACDV system that was previously reported to the consumer reporting agency.

40. Upon information and belief, when the Defendants receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether the information already in their computer system is itself accurate.

41. Because of the Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages including, but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

42. The Defendants' violations of § 1681s-2(b)(1)(A) were willful, rendering them liable to Plaintiff for punitive damages under 15 U.S.C. § 1681n. Or the Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

43. Plaintiff may recover actual damages, statutory damages, costs, and attorney's fees from the Defendants under 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)
**(All Defendants)**

44. Plaintiff incorporates the preceding allegations.

45. Within the past two years, each of the Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

46. As Plaintiff detailed in the previous Count, the Defendants use the e-Oscar system for their FCRA disputes.

47. Upon information and belief, the Defendants did not review all of the documentation that Plaintiff attached to her dispute, like her driver's license, which Experian sent to the Defendants though the e-Oscar system.

48. If they had reviewed these documents, they would have known that their reporting was incorrect and needed to be corrected because the documents demonstrated that Plaintiff's personal identifying information did not match the account holder's information.

49. The Defendants were aware of the meaning of the several dispute codes used by Experian in e-Oscar.

50. The Defendants do not contend that the ACDV system is an inadequate means to receive FCRA disputes.

51. The Defendants understood Plaintiff's disputes and that Plaintiff claimed the accounts did not belong to her through the ACDV code used with Plaintiff's dispute.

52. The Defendants still refused to conduct an adequate investigation and correct the inaccuracy.

53. Because of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages including, but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

54. Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering them liable for punitive damages under 15 U.S.C. § 1681n. Or Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55. Plaintiff may recover actual damages, statutory damages, costs, and attorney's fees from Defendants under 15 U.S.C. §§ 1681n and 1681o.

### COUNT THREE:
### VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (All Defendants)

56. Plaintiff incorporates the preceding allegations.

57. Within the last two years, the Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files without also including a notation that the accounts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

58. The Defendants failed to add the "XB" or "XC" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when they responded to the credit reporting agencies, which would have reflected that the account was disputed.

59. Upon information and belief, Plaintiff alleges that Defendants rarely, if ever, added the XB or XC code or other notation that an account was disputed when it responded to ACDV forms.

60. Defendants also knew that Plaintiff disputed the subject account through her dispute letters to Experian.

61. Plaintiff's disputes were bona fide as the accounts did not belong to her.

62. Because of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages including, but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

63. Defendants' violations were willful, rendering them liable for punitive damages under 15 U.S.C. § 1681n. Or Defendants were negligent, entitling Plaintiff to recovery under 15 U.S.C. §1681o.

64. Plaintiff may recover actual damages, statutory damages, costs, and attorney's fees from Defendants under 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants for: (1) actual, statutory, and punitive damages; (2) attorney's fees and costs; and (3) any other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

        Respectfully submitted,
        **MARIA PLASCENCIA WEESE**

        By: _/s/ Kristi C. Kelly_
        Kristi Cahoon Kelly, VSB #72791
        Andrew J. Guzzo, VSB #82170
        Casey S. Nash, VSB #84261
        KELLY GUZZO, PLC
        3925 Chain Bridge, Suite 202
        Fairfax, VA  22030
        Telephone: (703) 424-7572
        Facsimile: (703) 591-0167
        Email:  kkelly@kellyguzzo.com
        Email:  aguzzo@kellyguzzo.com
        Email:  casey@kellyguzzo.com
        _Counsel for Plaintiff_